UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUILLERMO TRUJILLO CRUZ,

Plaintiff,

v.

GUTIERREZ,

Defendant.

Case No. 19-cv-04726-HSG

**ORDER OF SERVICE**

# INTRODUCTION

Plaintiff, an inmate at Kern Valley State Prison filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") officer Gutierrez. His complaint is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

# DISCUSSION

**A. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

The complaint makes the following allegations. Plaintiff filed staff complaints against PBSP Officers Showers, Jarvis, Tincher, and Kumbat for sexually harassing him. On January 19, 2019, named defendant PBSP Officer Gutierrez retaliated against plaintiff for filing these complaints by sexually harassing plaintiff. Specifically, while conducting a clothed body search of plaintiff, Officer Gutierrez cupped and grasped plaintiff's genitals in order to intentionally inflict pain. Officer Gutierrez then ran his right hand in a karate-chop style between plaintiff's buttocks, causing unpleasant and offensive touching and humiliation. Afterwards, Officer Gutierrez stated that he felt nothing between plaintiff's legs and that the patdown search was done "for the white girls," referring to the officers against whom plaintiff had filed staff complaints. Dkt. No. 1.

A prisoner may state an Eighth Amendment claim under Section 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted). When prison officials maliciously and sadistically use force to cause harm,

2

contemporary standards of decency are always violated, *see Hudson*, 503 U.S. at 9, and no lasting physical injury is required to state a cause of action, *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000). Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm. *See Jordan v. Gardner*, 986 F.2d 1521, 1525–31 (9th Cir.1993) (en banc). Liberally construed, the complaint's allegations that, during a clothed body search, Officer Gutierrez cupped and grasped plaintiff's genitals and ran his right hand in a karate-chop style between plaintiff's buttocks in order to intentionally inflict pain state a cognizable Eighth Amendment claim.

The complaint also states a cognizable First Amendment retaliation claim. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") (footnote omitted).

### C. Motion of Ex Parte of Default

Plaintiff has also filed a pleading titled "Motion of Ex Parte of Default." Dkt. No. 1 at 1. In this pleading, plaintiff states that he seeks "ex parte of default" against North Kern State Prison law librarian Armendadez because, on July 9, 2019, Ms. Armendadez denied him pleading paper and manila envelopes. *Id.* Plaintiff requests that the Court provide him with legal supplies as requested. *Id.* Plaintiff also alleges that he has been denied his right to email civil rights actions, to mail legal documents, and to have duplicating services, in violation of Section 3162 and 3165(a) of the California Code of Regulations, title 15. *Id.*

This motion is DENIED. First, this motion is unrelated to the allegations made in the complaint. Second, these allegations arise out of events at North Kern State Prison, which is located in Kern County, which lies within the venue of the Eastern District of California. *See* 28 U.S.C. § 84(b). Third, it is unclear on what grounds plaintiff is seeking relief. Rule 55 of the Federal Rules of Civil Procedure allows for a clerk's entry of default only against a party that has failed to plead or otherwise defend, which is inapplicable here.

3

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The complaint states a cognizable First Amendment retaliation claim and a cognizable Eighth Amendment claim against Officer Gutierrez.

2. Plaintiff's motion for ex parte of default is DENIED. Dkt. No. 1 at 1.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto (Dkt. No. 1), and a copy of this order upon defendant **Officer Gutierrez** at Pelican Bay State Prison, 5905 Lake Earl Drive, Crescent City, CA 95531. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this Order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. Defendant shall file a reply brief no later than 14 days after the date the

1 opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in his motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant,

5

but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 1/2/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge