UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, <br> Plaintiff, <br> v. <br> GUTIERREZ, <br> Defendant. | Case No. 19-cv-04726-HSG <br><br> **ORDER REVOKING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDERING PLAINTIFF TO PAY FILING FEE IN FULL** |

Plaintiff, an inmate at Deuel Vocation Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on July 26, 2019. Dkt. No. 1. On January 6, 2020, the Court granted plaintiff leave to proceed *in forma pauperis*. Dkt. No. 12. The Court then learned that the Eastern District of California had denied plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) based on dismissals of actions in 2014 through 2017. *See, e.g.*, *Cruz v. White, et al.*, 2:19-cv-1518 KJM KJN P, Dkt. Nos. 13 and 19 (E.D. Cal.); *Cruz v. Chappius*, 2:18-cv-0193 KJM KJN P, Dkt. Nos 42 and 54 (E.D. Cal.). On January 16, 2020, the Court therefore ordered plaintiff to show cause why his *in forma pauperis* status should not be revoked pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Dkt. No. 15. Plaintiff filed his response with the Court on January 31, 2020. Dkt. No. 16. The Court has carefully considered the record and, for the reasons set forth below, REVOKES plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g).

**DISCUSSION**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance. The phrase "fails to state a claim on which relief may be granted" parallels the language of Fed. R. Civ. P. 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121.

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have made moot his request for injunctive relief against alleged danger, but it does not affect Section 1915(g) analysis). The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

## I. Plaintiff's Prior Strikes

The Court finds that, prior to this date, plaintiff has had at least three cases dismissed that count as "strikes." The Court takes judicial notice of: (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015), *aff'd* 632 Fed. App'x. 426 (9th Cir. 2016); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6,

2

2016), *aff'd* 688 Fed. App'x 435 (9th Cir. 2017); (3) *Cruz v. Gomez*, C No. 1:15-cv-00859 EPG (PC), 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017), *aff'd* 698 Fed. App'x 368 (9th Cir. 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016), *report and recommendation adopted by* Order Adopting Findings and Recommendations and Dismissing the Action for Failure to Exhaust, *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, Dkt. No. 49, entered Aug. 5, 2016, *aff'd* 688 Fed. App'x 452 (9th Cir. 2017); and (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).[1] As explained in the Court's January 16, 2020 Order, the dismissals of these actions constitute "strikes" for the purposes of Section 1915(g). *See* Dkt. No. 15 at 3-6. Plaintiff does not dispute that the dismissals constitute "strikes" for the purposes of Section 1915(g). *See generally* Dkt. No. 16. Rather, he alleges that he meets the imminent danger exception set forth in Section 1915(g). *Id.*

## II. Imminent Danger Exception

The complaint, filed on July 26, 2019, alleges that on January 19, 2019, while housed at Pelican Bay State Prison ("PBSP"), defendant PBSP officer Gutierrez sexually harassed plaintiff by groping his genitals and running his hands between plaintiff's buttocks during a clothed body search, in retaliation for plaintiff filing grievances regarding employee misconduct. *See generally* Dkt. No. 1.

In his response to the OSC, plaintiff alleges that he was in imminent danger of serious physical injury at the time he filed the complaint because defendant Gutierrez's coworkers had verbally threatened plaintiff with battery for filing prison grievances, and that prison officials have conspired with Gutierrez to have plaintiff be touched inappropriately with the overall intent to

---

[1] The district court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in Section 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status). Plaintiff is also known as Guillermo Cruz Trujillo, and in titling plaintiff's cases, courts have listed plaintiff's last name as Trujillo, Trujillo Cruz, or Cruz. The Court has confirmed that the plaintiff in this action is the same plaintiff in the actions identified above as strikes by relying on the California Department of Corrections and Rehabilitation number assigned to plaintiff in each action, and confirming that the number is the same in all the actions: AA-2974.

3

harm, offend, and humiliate plaintiff. Dkt. No. 16 at 3.

The Court finds that it would be speculative to conclude that plaintiff faced imminent danger of serious physical injury at the time this action was filed based on plaintiff's allegation that defendant Gutierrez's co-workers have made verbal threats of physical injury at unspecified points in time, and based on plaintiff's generalized speculation that there is an ongoing conspiracy among correctional officials to inappropriately touch plaintiff. Accordingly, pursuant to 28 U.S.C. § 1915(g), the Court REVOKES plaintiff's *in forma pauperis* status. *See Andrews*, 493 F.3d at 1057 n.11 ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful"); *cf. Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, but noting that generalized allegations of harassment were not sufficiently specific or related to support an inference of an ongoing danger").

## CONCLUSION

For the reasons set forth above, plaintiff's *in forma pauperis* status is REVOKED pursuant to 28 U.S.C. § 1915(g). Plaintiff may proceed with this action only if he pays the $400 filing and administrative fee in full. Plaintiff must pay the full filing fee within **twenty-eight (28) days** of the date of this order. If the full filing fee is not received by that date, the Court will dismiss this action without prejudice to plaintiff re-filing upon payment of the full filing fee.

**IT IS SO ORDERED.**

Dated: 3/6/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge