UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br>　　　　Plaintiff,<br>　　v.<br>GUTIERREZ,<br>　　　　Defendant. | Case No. 19-cv-04726-HSG<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION, DISMISSING ACTION**<br><br>Re: Dkt. No. 21 |

Plaintiff, an inmate at Deuel Vocational Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On January 6, 2020, the Court granted plaintiff leave to proceed *in forma pauperis*. Dkt. No. 12. On March 6, 2020, the Court found that plaintiff is prohibited from proceeding *in forma pauperis* pursuant to the three-strikes provision of 28 U.S.C. § 1915(g); revoked plaintiff's *in forma pauperis* status; and ordered plaintiff to pay the $400 filing and administrative fee in full by April 3, 2020 or face dismissal of this action. Dkt. No. 19. The deadline to pay the filing fee in full has passed, and plaintiff has not paid the filing fee.

Plaintiff has, however, filed a request for an extension of time to file objections to the Court's March 6, 2020 order, which the Court construes as a request for leave to file a motion for reconsideration pursuant to N. D. Cal. L. R. 7-9.[1] Pursuant to Local Rule 7-9, before the entry of judgment, any party may seek reconsideration of any interlocutory order on the grounds that (1) a material difference in fact or law exists from that which was presented to the court before entry of

---

[1] The Court's March 6, 2020 order was not a report issued by a magistrate judge. Pursuant to Fed. R. Civ. P. 72(b), when a dispositive matter is referred to a magistrate judge, a magistrate judge must make findings and recommendations and the parties have fourteen days from the service of the findings and recommendations to file objections. Fed. R. Civ. P. 72(b). Because the Court's March 6, 2020 order was not a report issued by a magistrate judge, plaintiff must seek leave of Court to file a motion for reconsideration of this order. N.D. Cal. L.R. 7-9.

the interlocutory order, or (2) after the time of the entry of the interlocutory order, new material facts emerged or a change of law occurred, or (3) there was a manifest failure by the court to consider material facts or dispositive legal arguments which were presented to the court. A party must first obtain leave of court to file a motion for reconsideration. N. D. Cal. L. R. 7-9. Plaintiff has not alleged that any of the grounds set forth in Local Rule 7-9 exist here. Accordingly, the Court DENIES his request for leave to file a motion for reconsideration.

The Court has DENIED plaintiff's request for leave to file a motion for reconsideration and petitioner has not paid the full filing fee. This action is therefore DISMISSED without prejudice to re-filing upon payment of the full filing fee.

**IT IS SO ORDERED.**

Dated: 4/28/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge